IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JERMAINE KEITH WALKER, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:12CV371–HEH
)
REHAB SERVICES, INC., *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Jermaine Keith Walker, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In his original complaint, Walker failed to identify the particular constitutional right that was violated by the defendant's conduct. Accordingly, by Memorandum Order entered on July 26, 2012, the Court directed Walker to particularize his complaint in conformance with the following instructions:

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

      a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:12CV371."

      b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

      c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

(Mem. Order entered July 26, 2012, at 1–2.)

On September 10, 2012, the Court received Walker's First Particularized Complaint. (ECF No. 9.) The First Particularized Complaint, however, failed to comply with the Court's instructions. The First Particularized Complaint consisted almost entirely of incoherent legal conclusions and failed to articulate how the defendant's actions violated his constitutional rights. Accordingly, by Memorandum Order entered on September 25, 2012, the Court again instructed Walker to submit a particularized complaint in accordance with the instructions set forth above.

On October 18, 2012, the Court received Walker's Second Particularized Complaint. (ECF No. 13.) The Second Particularized Complaint also failed to coherently articulate Walker's claim against Rehab Services, Inc. Walker disregarded the Court's directions to provide "a list of defendants . . . . [and] set forth legibly, in

separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief." (Mem. Order entered Sept. 25, 2012, at 2.) Walker's Second Particularized Complaint fails to contain a list of defendants or any facts that coherently state a claim for relief against any individual or entity. For example, Walker alleges:

> In this specific matter the basic point of the matter is I was imprisoned falsely imprisoned [sic], and restricted unjustly without a due process and for no reason at all, then forced to remain in a facility by treat [sic], and obstruction of justice, and bound by force and threat to enter into a vehicle and transported through interstate lines, into Farmville, Virginia. Namely the parties claimed that I was located in NORTH CAROLINAS (RCC), WHERE AS I WAS LOCATED IN (RSI) NEWPORT NEWS BY FORCE and DEMAND and against my will. The parties entered into security agreements with this party, accepting for no-negotiable [sic] value the conditions of agreements for the unauthorized use of intellectual property. I do not and have not agreed with anything they were doing.

(Second Particularized Compl. 1–2 (internal quotation marks omitted).)[2] Accordingly, the action will be dismissed without prejudice for failing to state a claim and for Walker's failure to follow the Court's instructions. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 41(b).

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jul 25 2013
Richmond, Virginia

---

[2] The Court employs the pagination assigned to this document by the Court's CM/ECF docketing system. The Court has corrected the spacing, and capitalization in the quotations to Walker's Second Particularized Complaint.

3